WO                          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

THERESA BROOKE,                          )
                                         )
                      Plaintiff,         )
                                         )
        vs.                              )
                                         )
ELITE HOSPITALITY, LLC,                  )
                                         )          No. 4:15-cv-0425-HRH
                      Defendant.         )
_____ )

O R D E R

Motion for Reconsideration[1]

        Defendant moves for reconsideration of the court's October 28, 2015 order[2] denying

defendant's motion to dismiss, or in the alternative, to have the court certify the Motion to

Dismiss Order to allow for an immediate appeal.  This motion is opposed.[3]  Oral argument

was requested and has been heard.[4]

_____

        [1]Docket No. 21.  This motion was denied by order of November 30, 2015.  Docket
No. 23.  The motion included a request that the case be certified for an appeal as to which
the court sought and received briefing.  After considering that briefing, the court vacated
its November 30, 2015 order and called for full briefing on the Motion for Reconsideration.

        [2]Docket No. 16.

        [3]Docket Nos. 24 & 28.  The court provided plaintiff an opportunity to respond to
both motions.  Order re Motion for Reconsideration at 2, Docket No. 23; Order from
Chambers at 1, Docket No. 26.

        [4]In scheduling oral argument on the Motion for Reconsideration, the court solicited,
(continued...)

-1-

<u>Background</u>

Plaintiff is Theresa Brooke.  Defendant is Elite Hospitality, L.L.C., d/b/a Quality Inn Airport.

On September 11, 2015, plaintiff commenced this action.  In her verified complaint, plaintiff asserts two claims:  1) a violation of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-189, and 2) a violation of the Arizona Disabilities Act, A.R.S. §§ 41-1492-1492.12.  For relief on her ADA claim, plaintiff seeks a declaration that defendant was in violation of Title III of the ADA at the "commencement of this action", a permanent injunction directing defendant to bring its "pools" into compliance with the ADA, costs of suit, and attorney's fees.[5]  In connection with her request for injunctive relief, plaintiff requests that the court retain jurisdiction over this case for a yet to be determined period of time to ensure that defendant continues to comply with the ADA.[6]

Plaintiff alleges in her verified complaint that she "is a disabled woman confined to a wheelchair."[7]  She alleges that on August 15, 2015, she "contacted [d]efendant's hotel for purposes of booking a room" and inquired whether the hotel's "pool or Jacuzzi ('pool')

---

[4](...continued)
received, and has considered supplemental briefing from the parties.  Docket Nos. 35 & 36.

[5]Verified Complaint at 9-10, Docket No. 1.

[6]<u>Id.</u> at 9.

[7]<u>Id.</u> at 2, ¶ 5.

had a lift or other means of access for disabled persons" such as herself.[8]  Plaintiff alleges that "[d]efendant's representative, John, stated that the hotel pool did not have a lift or other means of access."[9]  Plaintiff alleges that her "agent, as part of due diligence investigation, independently verified the absence of a pool lift for the Jacuzzi...."[10]

Plaintiff alleges that she "has personal knowledge of at least one barrier related to her disability, that is, the pool is inaccessible to her by virtue of her confinement to a wheelchair[.]"[11]  Plaintiff alleges that "[w]ithout the presence of a fixed pool lift or other means of permitting [her] equal access to the pool, [her] disability prevents her from equal enjoyment of the pool."[12]  Plaintiff alleges that she "intends to travel to the location of [d]efendant's place of public accommodation in the future for business, pleasure or medical treatment" and that "[a]s a result of [d]efendant's non-compliance with the ADA, [she] will avoid and not stay at the [d]efendant's place of accommodation in the future."[13]

---

[8]Id. at 5, ¶ 24.

[9]Id.

[10]Id.

[11]Id. at ¶ 25.

[12]Id. at ¶ 26.

[13]Id. at ¶¶ 27-28.

On October 7, 2015, defendant moved to dismiss[14] plaintiff's verified complaint, arguing that plaintiff lacked standing, that plaintiff's claims were moot, and that the court would lack subject matter jurisdiction over plaintiff's state law claim if her federal claim was dismissed. Defendant argued that plaintiff lacked Article III standing because plaintiff had not alleged that she personally experienced an accessibility barrier at defendant's hotel. Defendant argued that plaintiff's claims were moot because the pool had an ADA-compliant lift and because it had ordered and received an ADA-compliant lift for the spa which was being installed. In support of its motion to dismiss, defendant offered the declaration of Mahendrabhai P. Desai, who averred that he is a member of Elite Hospitality LLC.[15] Desai averred that the hotel had "an ADA-compliant pool lift" and that the hotel had "ordered [an] ADA-compliant spa [Jacuzzi] lift which has been delivered and is currently being installed."[16] In support of his averment that the pool had an ADA-compliant lift, Desai offered two photographs of the pool lift, one of the pool lift on the pool deck and one of the pool lift being lowered into the water.[17] There was no date stamp

_____

[14]Docket No. 10.

[15]Declaration of Mahendrabhai P. Desai at 1, ¶ 2, Exhibit B, Elite Hospitality, L.L.C.'s Motion to Dismiss and, in the Alternative, Motion for More Definite Statement, Docket No. 10.

[16]Id. at 2, ¶ 3.

[17]Exhibit B-1, Elite Hospitality, L.L.C.'s Motion to Dismiss and, in the Alternative, Motion for More Definite Statement, Docket No. 10.

on the photographs.  In support of his averment concerning the spa lift, Desai offered a

"quotation" from American Tex-Chem Corporation,[18] but this document is virtually

illegible.

In response, plaintiff argued that she had personal knowledge of a barrier related

to her disability which deterred her from visiting defendant's hotel.  As for mootness,

plaintiff argued that her claims were not moot because it was not clear that defendant had

actually installed the spa lift and it was not clear that defendant would continue to comply

with the ADA in the future.  In support of her opposition, plaintiff offered the declaration

of Danielle Jones, who is the "ADA Litigation Manager" for plaintiff's counsel.[19]  Jones

averred that "[a]s part of my litigation managerial duties, I conduct due diligence

investigation regarding ADA lawsuits filed by Plaintiff Theresa Brooke."[20]  Jones averred

that she visited defendant's hotel on September 9, 2015 and that she "did not observe a lift

for the pool."[21]  Jones said nothing about a lift for the spa, but she did attach photographs

---

[18]Exhibit B-2, Elite Hospitality, L.L.C.'s Motion to Dismiss and, in the Alternative, Motion for More Definite Statement, Docket No. 10.

[19]Declaration of Danielle Jones at 2, ¶ 2, which is appended to Plaintiff's Response [etc.], Docket No. 12.

[20]Id. at ¶ 5.

[21]Id. at 2-3, ¶¶ 7-8.  Jones' averment that the pool, as opposed to the spa, did not have a lift, appears to be inconsistent with plaintiff's verified complaint, in which plaintiff alleges her agent verified only that the spa did not have lift.  Verified Complaint at 5, ¶ 24, Docket No. 1.  However, plaintiff's attorney also avers in a declaration dated January 5, (continued...)

to her declaration, which she averred were taken on September 8, 2015.[22]  The photographs show a partial picture of the pool in which there is no lift visible and two pictures of the spa which show that it does not have a lift.

On October 28, 2015, the court summarily denied defendant's motion to dismiss.[23]  The court denied defendant's motion to dismiss based on its orders in Brooke v. Airport Hotel, LLC, No. 2:15-cv-1149-HRH, and Brooke v. Apache Hospitality, L.L.C., No. 2:15-cv-1296-HRH.  In its motion to dismiss orders in those case, the court, relying on Brooke v. Joie de Vivre Hospitality, LLC, Case No. 2:15-cv-00281-PHX-GMS, concluded that plaintiff had standing because she "has alleged personal knowledge of a barrier related to her disability which currently deters her from visiting defendant's premises."[24]  The court also concluded

_____

[21](...continued)
2016, that he did not observe a pool or spa lift at defendant's hotel when he visited the hotel property on September 9, 2015.  Declaration of Peter Strojnik at 2, ¶ 8, which is appended to Plaintiff's Response to Defendant Elite Hospitality LLC's Motion for Reconsideration, Docket No. 28.

[22]Jones Declaration at 3, ¶ 9, which is appended to Plaintiff's Response [etc.], Docket No. 12.  The court assumes that the reference to September 8 is a typographical error given Jones' averment that she visited defendant's hotel on September 9, 2015.  Curiously though, this date discrepancy is repeated in Jones' and Strojnik's January 5, 2016 declarations, which are appended to Plaintiff's Response to Defendant Elite Hospitality LLC's Motion for Reconsideration, Docket No. 28.

[23]Docket No. 16.

[24]Order re Motion to Dismiss at 5, Docket No. 11 in Brooke v. Apache Hospitality, L.L.C., Case No. 2:15-cv-1296-HRH; Order re Motion to Dismiss at 4-5, Docket No. 20 in Brooke v. Airport Hotel, LLC, Case No. 2:15-cv-1149-HRH.

that plaintiff's claims in those cases were not moot because there was no evidence that the pool lifts had actually been installed and the only evidence that the pool lifts which had been ordered were ADA-compliant was a conclusory statement in defendant's declarations.[25]

Pursuant to Rule 59(e), Federal Rules of Civil Procedure, defendant now moves for reconsideration of the court's order denying its motion to dismiss.  In the alternative, defendant moves to have the court certify that order to allow for an immediate appeal.

## Discussion

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  In its opening brief, defendant urges the court to reconsider its motion to dismiss primarily because of a decision that has been issued by a district court in California.

Having filed over 150 "pool lift" cases against hotels and like premises in Arizona, plaintiff filed what appears to be an identical "pool lift" case in the Southern District of

---

[25]Order re Motion to Dismiss at 7, Docket No. 11 in Brooke v. Apache Hospitality, L.L.C., Case No. 2:15-cv-1296-HRH; Order re Motion to Dismiss at 6-7, Docket No. 20 in Brooke v. Airport Hotel, LLC, Case No. 2:15-cv-1149-HRH.

California: <u>Brooke v. Kalthia Group Hotels</u>, No. 15cv1873-GPC (S.D. Cal.).[26]  The California

court dismissed plaintiff's complaint because it concluded that plaintiff lacked standing and

that plaintiff's claims were moot.[27]  The California court found that plaintiff lacked standing

because "[a]n allegation that [p]laintiff's agent 'independently verified' the alleged

violations, without more information about the agent, is not sufficient to allege standing."[28]

And the California court found that plaintiff's claims were moot because the  hotel had

installed a fixed pool lift and it was clear that defendant's allegedly wrongful behavior

could not reasonably be expected to recur.[29]

       To the extent that defendant is arguing that the California decision is an intervening

change in controlling law, that argument fails.  <u>See</u> <u>Phelps v. Wyeth, Inc</u>., 938 F. Supp. 2d

1055, 1078 (D. Or. 2013) ("Decisions of other district courts maybe persuasive, but they are

not binding on this court").  On the basis of what was before it on November 30, 2015, the

court is convinced that it did not err as a matter of law or fact when deciding defendant's

---

       [26]Plaintiff has apparently filed more than just one "pool lift" case in the Southern
District of California.  Defendant has advised the court that seven additional cases filed by
plaintiff in the Southern District of California have recently been dismissed.  Docket No.
30.

       [27]Order Granting Defendant's Motion to Dismiss with Prejudice at 13 & 16, <u>Brooke
v. Kalthia Group Hotels</u>, Case No. 15cv1873-GPC (S.D. Cal. Nov. 18, 2015), Exhibit A, Elite
Hospitality, L.L.C.'s Motion for Reconsideration [etc.], Docket No. 21.

       [28]<u>Id.</u> at 13.

       [29]<u>Id.</u> at 16.

motion to dismiss.  However, defendant has now offered evidence that was not previously available, namely the declaration and report of defendant's ADA expert[30] and a supplemental declaration from Desai.[31] This new evidence provides sufficient grounds for the court to reconsider a portion of its October 28, 2015 order.  Based on this new evidence, the court will reconsider its decision as to whether plaintiff's ADA claim is moot.[32]  The court is not reconsidering its ruling that plaintiff has standing to bring an ADA claim.[33]

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Id.  "The court need not presume the truthfulness of the plaintiff's allegations." Id.  "'Once

---

[30]Exhibits A & A-2, Elite Hospitality, L.L.C.'s Trial Brief on Mootness [etc.], Docket No. 36.

[31]Exhibit A, Elite Hospitality, L.L.C.'s Reply [etc.], Docket No. 29.

[32]In keeping with Local Rule 59.1, the court authorized and has received plaintiff's response(s) before taking up the merits' of defendant's motion to reconsider the court's denial of defendant's motion to dismiss.

[33]Order re Case Status; Oral Argument Scheduled at 1-2, Docket No. 33.

the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). "With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." Leite v. Crane Co., 749 F.3d 1117, 1121-22 (9th Cir. 2014). "The caveat is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." Id. at 1122 n.3. "The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" Safe Air for Everyone, 373 F.3d at 1039 (quoting Sun Valley Gas., Inc. v. Ernst Enters., 711 F.2d 138, 140 (9th Cir. 1983)). Here, the ADA provides both the basis for the court's jurisdiction and for plaintiff's substantive claim for relief. Thus, the court cannot resolve factual disputes. Rather, "application of the summary judgment standard is proper." Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 910 (9th Cir. 1997). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

-10-

"'A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (quoting Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013)). "'The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed.'" Id. (quoting Knox v. Serv. Emps. Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012)). "But voluntary cessation can yield mootness if a 'stringent' standard is met: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). "The party asserting mootness bears a 'heavy burden' in meeting this standard." Id. (quoting Friends of the Earth, 528 U.S. at 189).

The Ninth Circuit has observed that "[b]ecause a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011) (internal citations omitted); see also, Hubbard v. 7 Eleven, Inc., 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) ("Because the only relief available under the ADA is injunctive, the fact the alleged barrier has been remedied renders the issue moot"); Parr v. L & L Drive Inn Restaurant, 96 F.

-11-

Supp. 2d 1065, 1087 (D. Hawai'i, 2000) (holding that ADA "claims that have been remediated are no longer in dispute and are therefore moot"); <u>Turner v. Anand</u>, Case No. 14–cv–01147–BAS(PCL), 2015 WL 4474671, at *7 (S.D. Cal. July 21, 2015) (holding that the plaintiff's ADA claim was moot because "the evidence submitted by Defendants establishes that the parking space is [ADA] compliant [and] that the behavior cannot reasonably be expected to recur").

Defendant has offered the declaration and report of its ADA expert which shows that defendant is now in compliance with the ADA.[34]  Plaintiff has offered no evidence to the contrary nor did plaintiff challenge the findings of defendant's expert at oral argument. Thus, the court finds that defendant has ceased to violate the ADA.

The question then becomes whether it is absolutely clear that defendant is unlikely to violate the ADA again in the future.  Desai avers that "Elite has, and will maintain, ADA-compliant pool and spa lifts, which are installed and operational."[35]  Plaintiff, however, argues that it is not clear that defendant will not violate the ADA again in the future.  In support of this argument in her opposition to the instant motion, plaintiff does nothing more than cite to case law that stands for the proposition that "'[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful

---

[34]Declaration of Paul S. Farber, CAI/PE, Exhibit A; Farber's Report, Exhibit A-2; Elite Hospitality, L.L.C.'s Trial Brief on Mootness [etc.], Docket No. 36.

[35]Supplemental Declaration of Mahendrabhai P. Desai at 2, ¶ 3, Exhibit A, Elite Hospitality, L.L.C.'s Reply [etc.], Docket No. 29.

behavior could not reasonably be expected to recur.'" <u>Friends of the Earth</u>, 528 U.S. at 189

(quoting <u>United States v. Concentrated Phosphate Export Ass'n.</u>, 393 U.S. 199, 203 (1968)).

Plaintiff offers no argument or evidence refuting defendant's representation that it will

continue to comply with the ADA.  In her opposition to the motion to dismiss, plaintiff

contends that "[i]t is common knowledge that the pool lift attached with two bolts can be

removed in 10 minutes or less."[36]   But plaintiff offers no evidence to support this

contention.  And, in her supplemental briefing on the mootness issue, plaintiff argues that

courts have been unwilling to find a case moot if the defendant has not admitted that its

conduct was illegal.   However, the one case which plaintiff cites in support of this

argument, <u>American Rivers, Inc. v. NOAA Fisheries</u>, Case No. CV–04–0061, 2004 WL

2075032 (D. Or. Sept. 14, 2004), is readily distinguishable.   There, American Rivers

challenged a biological opinion that had been issued by the defendant.  <u>Id.</u> at *1.  The

defendant argued that the court should dismiss the case on prudential mootness grounds

because it was going to issue a new biological opinion. <u>Id.</u> at *3.  The court rejected this

argument because the original biological opinion was still in effect and there was no

evidence that the defendant was going to change its opinion.  <u>Id.</u>

        In contrast here, defendant has changed its position.  The evidence shows that

defendant has taken action to come into compliance with the ADA and that it is unlikely

---

[36]Plaintiff's Response to Defendant Elite Hospitality, LLC's Motion to Dismiss [etc.] at 9, Docket No. 12.

that defendant will fall out of compliance.  The pictures taken by defendant's ADA expert appear to confirm that the pool and spa lifts are bolted to the cement deck.[37]  The lifts are mechanically affixed to the deck.  This installation constitutes a structural modification of defendant's facility.  It thus seems unlikely that defendant will remove either lift in the future.  See, e.g., Independent Living Resources v. Oregon Arena Corp., 982 F. Supp. 698, 774 (D. Or. 1997) (after a defendant has made structural modifications, "[t]he likelihood that ... plaintiffs will again be subjected to these same (alleged) violations appears to be rather low").  Without any evidence that suggests that defendant will remove the pool lift or the spa lift in the future and given defendant's representation that it will continue to comply with the ADA, the court concludes that it is absolutely clear that defendant's violation of the ADA "could not reasonably be expected to recur."  Friends of the Earth, 528 U.S. at 189 (citation omitted).

Nonetheless, plaintiff argues that her ADA claim is not moot because she is still entitled to meaningful relief.  Plaintiff argues that the court could still grant her injunctive relief and declaratory relief even if defendant has installed ADA-compliant pool and spa lifts.  Not so.  If, as the court has concluded, the case is moot, the court has no jurisdiction to take any further action other than to dismiss the case.  Plaintiff requests that the court retain jurisdiction to ensure that defendant remains in compliance with the ADA and

_____

[37]Farber's Report at 5 & 10, Exhibit A-2, Elite Hospitality, L.L.C.'s Trial Brief on Mootness [etc.], Docket No. 36.

declare that defendant was violating the ADA at the time this case was commenced.  But, because the case is moot, there is no jurisdiction for the court to retain nor can the court make any declarations.

Plaintiff's ADA claim is moot and must be dismissed.  Because the court is dismissing plaintiff's ADA claim, the court declines to exercise jurisdiction over plaintiff's state law claim.  See Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985)) ("'dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed'").

Finally, the parties have addressed the issue of attorney's fees.  "The ADA allows a 'prevailing party' its fees."  Kohler v. Bed Bath & Beyond of Calif., LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting 42 U.S.C. § 12205).  Plaintiff cannot be considered a prevailing party in this matter even though she may have been the catalyst for defendant's compliance with the ADA.  "[F]or a litigant to be a prevailing party for the purpose of awarding attorneys' fees, [s]he must meet two criteria: [s]he must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned."  P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1172 (9th Cir. 2007) (citation omitted).  Here, there has been no judicially sanctioned alteration of the legal relationship of the parties.  As for defendant, a prevailing defendant in an ADA case is only entitled to attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" Kohler, 780 F.3d at 1266 (quoting Summers v. A. Teichert & Son, 127 F.3d 1150, 1154 (9th

-15-

Cir. 1997)).  Given that it is undisputed that defendant was violating the ADA when plaintiff commenced this action, plaintiff's action was not frivolous, unreasonable, or without foundation.  Neither defendant nor plaintiff are entitled to attorney's fees.

<u>Conclusion</u>

Defendant's motion for reconsideration[38] is granted in part and denied in part.  It is denied as to the issue of whether plaintiff has standing to bring an ADA claim but is granted as to whether this is case moot.  The court's order[39] denying defendant's motion to dismiss is vacated.  Upon reconsideration, defendant's motion to dismiss[40] is granted because this case is moot.  Because the motion to dismiss is granted, defendant's alternative motion for certification[41] is denied as moot.

The clerk of court shall enter judgment dismissing plaintiff's complaint.  Plaintiff's ADA claim is dismissed with prejudice.  Plaintiff's state law claim is dismissed without prejudice.

DATED at Anchorage, Alaska, this 10th day of June, 2016.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[38]Docket No. 21.

[39]Docket No. 16.

[40]Docket No. 10.

[41]Docket No. 21.

-16-